USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 97-1918 UNITED STATES, Appellee, v. MANUEL DE-LA-ROSA, A/K/A CAYAYO, A/K/A GREGORIO FABIAN, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Juan M. Perez-Gimenez, U.S. District Judge] ___________________ ____________________ Before Boudin, Stahl and Lynch, Circuit Judges. ______________ ____________________ Joseph Frattallone-Marti on brief for appellant. ________________________ Guillermo Gil, United States Attorney, Jose A. Quiles-Espinosa ______________ ________________________ and Desiree Laborde-Sanfiorenzo, Assistant United States Attorneys, on brief for appellee. ____________________ January 30, 1998 ____________________ Per Curiam. Defendant-appellant Manuel de la Rosa ___________ appeals from his sentence entered after his guilty plea to three counts charging him and two co-defendants with attempting to bring illegal aliens by boat from the Dominican Republic into the United States, at a place other than a designated port of entry, in violation of 8 U.S.C.  1324(a)(1)(A)(i) and 18 U.S.C. 2. Rosa appeals only one aspect of his sentence: the district court's decision to make an upward departure from the imprisonment range dictated by the guidelines because the offense involved dangerous treatment. We have carefully reviewed the record and applied the three-part review process established in United States v. ______________ Diaz-Villafane, 874 F.2d 43 (1st Cir. 1989). The departure ______________ in this case satisfies each step in the process. The relevant guideline provision (application note 5 to 2L1.1 of the 1995 Guidelines Manual) satisfies step one of the Diaz-Villafane analysis by specifically providing that the ______________ circumstances relied upon by the district court are of a kind that may appropriately be relied upon to justify departure. See United States v. Reyes, 927 F.2d 48, 52 (1st Cir. 1991). ___ _____________ _____ Step two is satisfied by the undisputed facts in the record which support the district court's findings. Finally, the magnitude of the departure is not beyond the realm of -2- reasonableness. See id. at 53 (upholding departure which ___ ___ tripled term provided by guideline range). Rosa's complaint about an unwarranted disparity between his sentence and the sentences received by his co-defendants is unfounded. "Absent misapplication of the Guidelines, the mere fact of the disparity is of no consequence." United ______ States v. Rodriguez, 63 F.3d 1159, 1168 (1st Cir. 1995). In ______ _________ this case, there was no misapplication of the guidelines and the record contains a fully adequate explanation for the disparity. See United States v. Trinidad de la Rosa, 916 ___ ______________ _____________________ F.2d 27, 30 (1st Cir. 1990) (holding that co-defendant should not receive an upward departure for dangerous conditions where he neither owned the boat nor determined the number of passengers). "The Constitution permits qualitative differences in meting out punishment and there is no requirement that two persons convicted of the same offense receive identical sentences." Williams v. Illinois, 399 U.S. ________ ________ 235, 243 (1970). Finally, Rosa's claim that the district court impermissibly double counted by using his status as captain of the vessel to increase his sentence in two ways, is also without merit. "Several factors may draw upon the same nucleus of operative facts while nonetheless responding to discrete concerns. Consequently, a degree of relatedness, without more, does not comprise double counting." United ______ -3- States v. Lilly, 13 F.3d 15, 19 (1st Cir. 1994). The ______ _____ leadership-role enhancement and the upward departure for dangerous treatment are "neither conceptually nor factually equivalent." Rodriguez, 63 F.2d at 1169. There was no _________ double counting in this case. Rosa's sentence is affirmed. See Loc. R. 27.1. ________ ___ -4-